UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

VARISCITE NY ONE, INC.,

        *Plaintiff*,

v.

STATE OF NEW YORK; NEW YORK STATE OFFICE OF CANNABIS MANAGEMENT; AND CHRISTOPHER ALEXANDER,

        *Defendants*.

Civil Action No.
1:22-cv-01013 (GLS/DJS)

---

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**

 

Christian E. Kernkamp, Esq.
KERNKAMP LAW, APC
Admitted *Pro Hac Vice*
New York Reg. No.: 5721923
*Attorneys for Plaintiff – Lead Counsel*
1801 Century Park E. 24 Fl.
Los Angeles, CA 90067
(213) 214-3030
Email: ck@kernkamplaw.com

Thomas J. Higgs, Esq.
E. STEWART JONES HACKER MURPHY, LLP
Bar Roll No.: 106047
*Attorneys for Plaintiff – Local Counsel*
28 Second Street
Troy, NY 12180
(518) 274-5820
Email: thiggs@joneshacker.com

*Prohibitory injunction*. Defendants attempt to frame the requested injunction as mandatory rather than prohibitory, yet they admit that the State has not issued any retail dispensary licenses. Thus, the requested injunction preserves the status quo and is prohibitory. See *E.E. v. Cal*, 570 F. Supp. 3d 759, 773 (N.D. Cal. 2021).

*Success on the merits*. Defendants' Opposition merely confirms that the Court must join the several other courts that enjoined cannabis licensing programs that favor local residency. ***Despite bearing the burden, Defendants did not even attempt to argue that the CAURD Program satisfies the first tier dormant Commerce Clause test*** of advancing a legitimate local purpose that ***cannot*** be adequately served by a reasonable nondiscriminatory alternative. *Granholm v. Heald*, 544 U.S. 460, 489 (2005). Defendants did not argue that no conceivable nondiscriminatory method could address the supposed collateral consequences of cannabis criminalization. Defendants did not show, for example, that they could not create job training programs (which would benefit entire communities, rather than the discriminatory CAURD Program that benefits just 150 applicants).

Instead, Defendants improperly rely on the second tier dormant Commerce Clause test applicable only to laws that do not discriminate against out-of-state participants. (Opp'n at 5 (citing the second-tier *Pike* test).) The CAURD Program favors New York on its face by requiring a significant presence in New York and a conviction under New York law, and it falls into the first tier test. In any event, the CAURD program would fail the second tier test because excluding residents from the majority of the country is not a mere incidental burden on interstate commerce.

*Significant presence and NY conviction*. NY residents are more likely to satisfy these requirements than residents of other states. A plaintiff need not show the discriminatory conduct is a complete barrier, but only that it impedes the ability of out-of-state residents to compete on an equal footing. *Conservation Force, Inc. v. Manning*, 301 F.3d 985, 990 n.3 (9th Cir. 2002). Defendants argue applicants must have a significant presence in New York at the time they submit applications so the state has "a jurisdictional basis over licensed cannabis operators in NYS." (Opp'n at 7.) Defendants cannot credibly argue that operating a storefront dispensary in NY will not confer jurisdiction. Moreover, Defendants' own exhibit shows that applicants consented to New York jurisdiction as an application requirement. (Dkt 20-7 at 50.) Defendants argue Plaintiff

satisfied the significant presence requirement by incorporating in NY. But the application software rejects applicants unless they attest that the individual with sole control over the applicant has a significant NY presence, which is not true for Plaintiff. (Dkt. 6-10; Dkt 20-7 at 20.)

*Address at conviction*. Defendants admit they lack the arrest rates for outside of NY, raising the question of why this is an evaluation factor if not to favor NY. NYCRR §116.4(c)(2)(i).

*Market participant exception*. Plaintiff will not devote space in the three-page reply to rebut Defendants' straw-grasping argument, but will provide supplemental briefing if requested.

*Irreparable harm*. Defendants argue that Plaintiff's harms can be remedied with money. But damages for a new business are difficult to calculate. Moreover, Defendants have already argued Eleventh Amendment immunity against damages. (Opp'n n.3) Furthermore, some courts are unwilling to award damages for lost marijuana profits because they view that as conflicting with the Controlled Substances Act. See *Peridot Tree* below. Defendants argue Plaintiff cannot win a license because Gay lives in an area with a high median income. Defendants do not cite authority for their statement; do not state how many points are awarded for a low income area; do not define low income; do not state the income of Gay's area; and do not state the income of the areas of all other applicants. Defendants determine income levels from the Census and American Surveys. (Opp'n at 10.) That data shows the median income for Gay's area is $42,285. (Req. Judicial Notice, Ex. 1.) For comparison, Defendants provide points for NYC public housing, where the income eligibility limit is $106,800 for a family of four. (*Id.*, Ex. 2.) The median income of zip code 10026 in Harlem, which includes the MKL Jr. housing project, is $64,716. (*Id.*, Ex. 3.)

*Balance of equities*. Defendants claim cannabis farmers will go out of business and their crops will spoil under an injunction. But **Plaintiff seeks an injunction for only 5 of 14 geographic areas**. Moreover, Defendants do not provide any support for their pure speculation. They do not even state how long cannabis can be stored before spoiling. Only experienced hemp farmers are licensed to grow cannabis, and the space they may devote to cannabis is limited, so the farmers have income from hemp. NY CANBS § 68(c). Plaintiff is aware of only two cases where the balance of equities favored the government. In *Attitude Wellness, LLC v. Vill. of Pinckney*, 2022 WL 1050305 (E.D. Mich. Apr. 7, 2022), the plaintiff waited until after all applications were graded

3

and the plaintiff had lost by 20 points to challenge the 15 points awarded to local residents. The balance of harms did not favor the plaintiff because the plaintiff would lose even with the 15 unconstitutional residency points enjoined. In *Finch v. Treto*, 2022 WL 2073572 (N.D. Ill. June 9, 2022), the plaintiffs were two out-of-state individuals who did not apply for licenses and showed up for the first time two years later seeking an injunction. One plaintiff would not even state whether he knew the application program existed before deadline. By the time they brought their case, several state court cases had been resolved and the federal court did not want to undo progress statewide (as opposed to the 5 of 14 geographic areas here) for two plaintiffs who never applied.

*No stay*. Recently, a federal court stayed a dormant Commerce Clause challenge so state law issues could be resolved in state court. *Peridot Tree, Inc. v. Sacramento*, 2022 WL 10629241 (E.D. Cal. Oct. 18, 2022). That order is wrong on the facts, law, and policy, and it will be appealed.[1] The court stayed the case because "the plaintiffs ask this court to open Sacramento's borders to out-of-state marijuana sellers"; because the court viewed the plaintiffs' prayer for damages as conflicting with the CSA; and because of a claimed conflict between state law and federal law on cannabis. In this case, Plaintiff does not ask the Court to open NY's borders to out-of-state sellers, as Defendants concede the borders are already open: the 51% justice involved owners can reside anywhere if they have the challenged NY connections and the 49% owners need no connection to NY at all. There is no conflict with the CSA because Plaintiff does not seek damages. This case does not implicate any conflict between state and federal policies on marijuana, as Plaintiff does not challenge NY's ability to license dispensaries or tax marijuana. Plaintiff simply asks the Court to enjoin the unconstitutional residency preferences applicable only to 51% of the equity in each applicant. In any event, NY included a savings clause to rescue the CAURD program once the unconstitutional portions are enjoined, thereby removing concerns of conflicts. NYCRR §116.9.[2,3]

---

[1]     Plaintiff's lead counsel, Christian Kernkamp, represents the plaintiffs in *Peridot Tree*.
[2]     The Proposed Order Plaintiff submitted erroneously includes Manhattan and omits Brooklyn in the five geographic areas where Plaintiff seeks an injunction.  The correct five geographic areas where Plaintiff applied, per the Complaint and Motion, are: Finger Lakes; Central New York; Western New York; Mid-Hudson; and Brooklyn.
[3]     Defendants allege that affiliates of Plaintiff submitted a "second" and "third" application.  Plaintiff has no connection whatsoever to the nonprofit that submitted the "third" application.  Plaintiff has no corporate affiliation

Dated:  October 25, 2022

                                                             Respectfully submitted,

                                                             **KERNKAMP LAW, APC**

By:     */s/ Christian E. Kernkamp*
            Christian E. Kernkamp, Esq.
            Admitted *Pro Hac Vice*
            New York Reg. No.: 5721923
            *Attorneys for Plaintiff – Lead Counsel*
            1801 Century Park E. 24 Fl.
            Los Angeles, CA 90067
            (213) 214-3030
            Email: ck@kernkamplaw.com

            **E. STEWART JONES HACKER MURPHY, LLP**

By:     */s/ Thomas J. Higgs*
            Thomas J. Higgs, Esq.
            Bar Roll No.: 106047
            *Attorneys for Plaintiff – Local Counsel*
            28 Second Street
            Troy, NY 12180
            (518) 274-5820
            Email: thiggs@joneshacker.com

---

with the entity that submitted the "second" application, and the only connection between Plaintiff and that applicant is that the entities have partial common shareholders.