UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

VARISCITE NY ONE, INC.,

                *Plaintiff*,

    v.

STATE OF NEW YORK; NEW YORK STATE
OFFICE OF CANNABIS MANAGEMENT;
AND CHRISTOPHER ALEXANDER,

                *Defendants*.

**SUPPLEMENTAL REQUEST FOR
JUDICIAL NOTICE IN SUPPORT OF
MOTION FOR PRELIMINARY
INJUNCTION**

Civil Action No.
1:22-cv-01013 (GLS/DJS)

---

TO THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:

IN ACCORDANCE WITH THE COURT'S INSTRUCTION AT THE NOVEMBER 9, 2022 HEARING, plaintiff Variscite NY One, Inc. requests under Federal Rule of Evidence 201 that the Court to take judicial notice of the documents identified below.

The New York Assembly website credits Majority Leader Crystal Peoples-Stokes for passing the Marijuana Regulation & Taxation Act ("MRTA") that created the Cannabis Law and authorized the OCM to promulgate the Cannabis Regulations.  The website states: "In March 2021, Peoples-Stokes . . . successfully pass[ed] The Marijuana Regulation & Taxation Act (MRTA), legalizing the adult use of cannabis . . . a bill and effort she had sponsored for eight years."  Attached hereto as **<u>Exhibit 1</u>** is a true and correct copy of the New York Assembly Website, *also available at* https://nyassembly.gov/mem/Crystal-D-Peoples-Stokes/bio/.

Assemblywoman Peoples-Stokes described the purpose of the Cannabis Law in multiple interviews that are publicly available on YouTube.  Links to those videos on YouTube are provided below.  In addition, per the Clerk of the Northern District, parties cannot file videos to ECF, and counsel should email the videos to the court clerk.  Thus, counsel will email the court clerk, copying Defendants' counsel, with the video files.

In approximately February 2022, Assemblywoman Peoples-Stokes gave an interview to

Schneps Media. The interviewer asked the question: "Is there anything else you want viewers to know about cannabis or about your role or anything that people should take away for common knowledge." Assemblywoman People-Stokes responded: ". . . the legislation [State Senator Liz Krueger] and I passed is very intentional about equity . . . *there are people in the business all across the country, and there are a lot of them. I have probably met most of them, the big players. They have been in my office in Buffalo or they've been in my office in Albany. With all due respect to them—I respect their positions—but my intentions for this legislation was about the legacy market and New Yorkers. New York farmers, New York small crafters, New York chefs. New York people who want an opportunity to create a new job for themselves and their families*."  Attached hereto as **Exhibit 2** is a true and correct copy of the YouTube page, where the quoted material starts at 5:30 of the video, *also available at* YouTube https://www.youtube.com/watch?v=ponL9Eq_FcY.

In approximately November 2021, Assemblywoman Peoples-Stokes gave an interview to Barclay Damon. In discussing cannabis license limits, she said, "We've kind of structured [cannabis licenses] in a way that hopefully will create a lot more equity businesses. *Here's the deal, at the end of the day, some large company is going to essentially be able to control this entire market. But we would like to see the initial startup be New Yorkers wanting to either start a business or already being in the business and wanting to grow their business around this space*."  Attached hereto as **Exhibit 3** is a true and correct copy of the YouTube page, where the quoted material starts at 12:27 of the video, *also available at* YouTube https://www.youtube.com/watch?v=yfkj-Vp419E.

In approximately March 2022, Assemblywoman Peoples-Stokes gave an interview to WIVB Television in Buffalo. In response to a question about New York limiting adult-use cultivation licenses to existing New York hemp farmers, she said, "*I think that is the best position we can take right now in order to ensure that the market is not saturated by people who don't live in New York, large cannabis companies, and/or existing registered organizations who, again, are large companies that are not from New York. So, in order to*

*provide New Yorkers with the opportunity to have the first opportunity to build a market, we focus on people who already have a New York license to grow and cultivate hemp*."  Attached hereto as **Exhibit 4** is a true and correct copy of the YouTube page, where the quoted material starts at 2:20 of the video, *also available at* YouTube https://www.youtube.com/watch?v=qG-pxrAJed0.

Plaintiff further asks the Court to take judicial notice of a Frequently Asked Questions document, already filed by Defendants in this action as ECF 20-1.  That document makes clear that, contrary to Defendants' arguments, Plaintiff does not satisfy the requirement for a significant presence in New York.  An applicant cannot satisfy the significant presence requirement unless the justice involved individual with sole control over the applicant has a significant presence in New York.  That document states on page 3 that "Significant presence means that ***the person with sole control and at least thirty percent (30%) ownership of your retail dispensary must have*** residency (live in), assets (vehicles, land, etc.), real property (this includes primary, secondary, and/or rental homes), a bank account, or some other connection with or in New York State."  Because Mr. Gay does not have a significant presence in New York, Plaintiff does not satisfy the significant presence requirement even though Plaintiff is incorporated in New York.  For the Court's convenience, that document is reattached hereto as **Exhibit 5**, *also available* on Defendants' website at https://cannabis.ny.gov/system/files/documents/2022/09/caurd-faq-9.12.22_0.pdf.


Dated:  November 9, 2022

Respectfully submitted,

**KERNKAMP LAW, APC**

By:   */s/ Christian E. Kernkamp*
Christian E. Kernkamp, Esq.
*Admitted Pro Hac Vice*
New York Reg. No.: 5721923
*Attorneys for Plaintiff – Lead Counsel*
1801 Century Park E. 24 Fl.

4

Los Angeles, CA 90067
(213) 214-3030
Email: ck@kernkamplaw.com

**E. STEWART JONES HACKER MURPHY, LLP**

By:     */s/ Thomas J. Higgs*

Thomas J. Higgs, Esq.
Bar Roll No.: 106047
*Attorneys for Plaintiff – Local Counsel*
28 Second Street
Troy, NY 12180
(518) 274-5820
Email: thiggs@joneshacker.com