UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

VARISCITE NY ONE, INC.,

       *Plaintiff*,

  v.

STATE OF NEW YORK; NEW YORK STATE OFFICE OF CANNABIS MANAGEMENT; AND CHRISTOPHER ALEXANDER,

       *Defendants.*

Civil Action No.
1:22-cv-01013 (GLS/DJS)

---

# PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

 

Christian E. Kernkamp, Esq.
KERNKAMP LAW, APC
*Pro Hac Vice*
New York Reg. No.: 5721923
*Attorneys for Plaintiff – Lead Counsel*
1801 Century Park E. 24 Fl.
Los Angeles, CA 90067
(213) 214-3030
Email: ck@kernkamplaw.com

Thomas J. Higgs, Esq.
E. STEWART JONES HACKER MURPHY, LLP
Bar Roll No.: 106047
*Attorneys for Plaintiff – Local Counsel*
28 Second Street
Troy, NY 12180
(518) 274-5820
Email: thiggs@joneshacker.com

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. ii

I.    INTRODUCTION ...................................................................................................... 1

II.    STATEMENT OF FACTS ......................................................................................... 1

III.    ANALYSIS ................................................................................................................. 1

    A.    Plaintiff Has Standing to Challenge the Cannabis Law and Regulations ..... 1

        1.    *Plaintiff Suffered an Injury in Fact* ...................................................... 1

        2.    *Plaintiff's Action is Ripe* ..................................................................... 4

        3.    *Plaintiff's Injury is Redressable* .......................................................... 5

    B.    The Eleventh Amendment Does Not Permit Defendants to Violate the Constitution ................................................................................................... 5

IV.    LEAVE TO AMEND ................................................................................................. 7

V.    CONCLUSION ........................................................................................................... 7

# **TABLE OF AUTHORITIES**

**Cases**

*Alden v. Maine*, 527 U.S. at 756 .................................................................................................. 8

*Bennett v. Spear*, 520 U.S. 154 (1997) ......................................................................................... 7

*Branum v. Clark*, 927 F.2d 698 (2d Cir. 1991) ............................................................................ 9

*Ex Parte Young*, 209 U.S. 123 (1908) ......................................................................................... 7

*Gorton v. Gettel*, 554 F.3d 60 (2d Cir. 2009) .............................................................................. 8

*In re Deposit Ins. Agency*, 482 F.3d 612 (2d Cir. 2007) ............................................................. 8

*Lexmark International, Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014) ................. 6

*Lowe v. City of Detroit*, 544 F. Supp. 3d 804 (E.D. Mich. 2021) ................................................ 4

*Ne. Patients Grp. v. Maine Dep't of Admin. & Fin. Servs.*, 554 F. Supp. 3d 177 (D. Me. 2021) .. 4

*NPG, LLC v. City of Portland, Maine*, No. 2:20-CV-00208-NT, 2020 WL 4741913 (D. Me. Aug. 14, 2020) ................................................................................................................................. 4

*Preston v. Thompson*, 589 F.2d 300 (7th Cir. 1978) ................................................................... 6

*Revitalizing Auto Communities Env't Response Tr. v. Nat'l Grid USA*, 10 F.4th 87 (2d Cir. 2021) ............................................................................................................................................... 6

*Ross v. Bank of Am., N.A.(USA)*, 524 F.3d 217 (2d Cir. 2008) ................................................... 3

*Schoenefeld v. New York*, No. 1:09-CV-0504 LEK RFT, 2010 WL 502758 (N.D.N.Y. Feb. 8, 2010) ...................................................................................................................................... 8

*Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26 (1976) ........................................................... 3

*Summers v. Earth Island Inst.*, 555 U.S. 488 (2009) .................................................................... 3

*Susan B. Anthony List v. Driehaus*, 573 U.S. 149 (2014) ........................................................... 6

*Toigo v. Dep't of Health & Senior Servs.*, 549 F. Supp. 3d 985 (W.D. Mo. 2021) ...................... 4

*United States v. SCRAP*, 412 U.S. 669 (1973) ............................................................................ 3

*Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635 (2002) ...................... 7

*Woods v. Rondout Valley Cent. Sch. Dist. Bd of Educ.*, 466 F.3d 232 (2d Cir. 2006) ................... 8

**Statutes**

9 NYCRR § 116.4(c)(2)............................................................................................................. 5

## I.     INTRODUCTION

The Court is familiar with the parties' arguments from the preliminary injunction briefing. Therefore, this Opposition will focus on the two arguments Defendants did not raise in their Opposition to the Motion for Preliminary Injunction: (i) standing and (ii) Eleventh Amendment immunity.

## II.    STATEMENT OF FACTS

As the Court is familiar with the relevant facts from the preliminary injunction briefing, Plaintiff respectfully refers the Court to those papers should any facts need to be reviewed.

## III.   ANALYSIS

### A.     <u>Plaintiff Has Standing to Challenge the Cannabis Law and Regulations</u>

To demonstrate Article III standing, a plaintiff must allege (1) it suffered an injury in fact; (2) the injury is fairly traceable to the defendant's action; and (3) the injury is likely redressable by a favorable decision. *Ross v. Bank of Am., N.A.(USA)*, 524 F.3d 217, 222 (2d Cir. 2008). Standing is satisfied where, as here, the plaintiff would "stand to profit in some personal interest" from the relief sought. *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 39 (1976).

#### 1.     <u>Plaintiff Suffered an Injury in Fact</u>

Injury in fact is a low threshold, and the alleged injury in fact need not be capable of sustaining a valid claim. *Ross*, 524 F.3d at 222. An injury in fact may simply be the fear or anxiety of future harm. *Id*. The injury in fact requirement is satisfied if the plaintiff alleges the challenged conduct affects the plaintiff in a "personal way" distinct from its impact on the public as a whole. *Summers v. Earth Island Inst.*, 555 U.S. 488, 497 (2009). The Supreme Court has recognized that even a *de minimis* personal interest is sufficient to demonstrate a distinct and palpable injury. To clear this hurdle, "an identifiable trifle is enough." *United States v. SCRAP*, 412 U.S. 669, 689 n.14 (1973).

Here, the Complaint alleges that Defendants discriminated against Plaintiff's CAURD application because Plaintiff does not satisfy Defendants' unconstitutional in-state residency preferences. The Complaint alleges that Plaintiff applied for a CAURD license. (Compl. ¶ 31.) It

1

alleges Plaintiff meets every requirement of the CAURD Program except that its justice involved individual owner has a cannabis conviction under Michigan law rather than New York law, he lives in a low-income and high cannabis arrest area designated by the State of Michigan rather than the State of New York, and he has no "significant presence" in New York. (Compl. ¶¶ 31-32.)

Several federal cases show that a plaintiff who was excluded from a cannabis license application process because the plaintiff never lived in the required city or state has standing to challenge the program under the dormant Commerce Clause. *See NPG, LLC v. City of Portland, Maine*, No. 2:20-CV-00208-NT, 2020 WL 4741913, at *6 (D. Me. Aug. 14, 2020) ("I conclude that the Plaintiffs have alleged a concrete injury. Although the Plaintiffs have not been denied a [cannabis] license, their alleged injury is not the denial itself but the disadvantage they face in obtaining a license due to the City's points matrix [that awards additional points to local residents]."); *Toigo v. Dep't of Health & Senior Servs.*, 549 F. Supp. 3d 985, 990 (W.D. Mo. 2021) ("[The plaintiff] has alleged irreparable injuries in that he himself will be unable to apply for a medical marijuana license or increase his ownership share in medical marijuana businesses in Missouri due to the durational residency requirement."); *Lowe v. City of Detroit*, 544 F. Supp. 3d 804, 813 (E.D. Mich. 2021); *Ne. Patients Grp. v. Maine Dep't of Admin. & Fin. Servs.*, 554 F. Supp. 3d 177 (D. Me. 2021).

Defendants make two (2) arguments against Plaintiff's injury in fact. **First**, Defendants argue that Plaintiff cannot win a CAURD license even if Defendants score Plaintiff's application because Plaintiff's justice involved individual, Mr. Gay, lived in an area with a high median income when he was convicted of a cannabis crime. This argument is entitled to no consideration on a motion to dismiss because it goes beyond the pleadings. Defendants base this argument on a declaration from an OCM official. (Mot. at 12.) The Complaint does not provide Mr. Gay's address or the median income of his area, much less the addresses of every other CAURD applicant and

the median incomes of those areas so the Court can compare them.[1]

Even if the Court could compare the median income of Mr. Gay's area of residence at the time of his conviction to the median income of every other CAURD applicant's area of residence at the time of their convictions, Defendants could not show that Plaintiff's application is futile. To the best of Plaintiff's knowledge, Defendants have never publicly revealed the evaluation process, including the points they award an applicant for residency in a low-income area, or even the total points available for a CAURD application. Thus, the Court has no way of knowing how low-income residency points affect the entire application score. Therefore, Defendants cannot show that Plaintiff's application is futile.

The Motion to Dismiss implies that residency in a low-income area at time of conviction is an eligibility requirement for a license. It is not. Rather, it is a points factor, as discussed above. 9 NYCRR § 116.4(c)(2). If Defendants had intended to make applicants eligible for CAURD licenses only if they lived in low-income areas when they were convicted, Defendants would have made residency in a low-income area an application requirement (like they did with "significant presence in New York" and New York Cannabis Conviction). Instead, Defendants made the median income of the area of residency a points factor. Yet Defendants want this Court to believe Plaintiff cannot be eligible for a license solely because of the median income of the area where Mr. Gay lived when he was convicted.

***Second***, Defendant argue Plaintiff has no injury in fact because Defendants "may" reject Plaintiff's application for reasons unrelated to Defendants' unconstitutional residency preferences. (Mot. at 12.) Defendants do not, however, dispute that they will reject Plaintiff's application because of the unconstitutional residency preferences. In fact, Defendants tacitly admit as much by stating, "[t]he Agency has not made any determination with respect to Plaintiff's Application,

---

[1] Defendants' argument is also factually false. Plaintiff showed in the Reply in Support of Preliminary Injunction that the median income of Mr. Gay's area of residence at the time of his conviction is less than half of the income eligibility limit for NYC Public Housing, which receives points for a low income area, and it is far below the median income of the zip code in Harlem that contains the Martin Luther King, Jr. housing project.

and *to date*, Plaintiff has not been denied a license." (Mot. at 8 (emphasis added).)

Plaintiff's harm is the unlawful exclusion from the license application process, and Plaintiff does not need to prove that Defendants would have selected Plaintiff's application if it were eligible. *See Preston v. Thompson*, 589 F.2d 300, 303 n.3 (7th Cir. 1978) ("The existence of a continuing constitutional violation constitutes proof of an irreparable harm . . . .").

### 2. *Plaintiff's Action is Ripe*

Defendants argue that Plaintiff's claims are unripe. (Mot. at 12-14.) Defendants' evaluation of CAURD applications is underway and Plaintiff would be subject to the unconstitutional residency preferences but for the Court's injunction.[2] Defendants did not deny in the Motion to Dismiss or in their Opposition to the Motion for Preliminary Injunction that they will reject Plaintiff's application due to the unconstitutional residency preferences challenged in the Complaint.

Defendants assert that Plaintiff should wait for the inevitable denial of its CAURD application before suing. In reality, Defendants hope the Court will dismiss the action and force Plaintiff to refile it after Defendants have issued the CAURD licenses. That way, Defendants can claim it is too late and it would be inequitable for the Court to issue an injunction clawing back licenses from other applicants. Defendants will further argue Eleventh Amendment immunity against damages, leaving Plaintiff without any remedy.

Defendants argue that if Plaintiff's claims are constitutionally ripe, the Court should still dismiss the case under "prudential ripeness." It is not clear that prudential ripeness is a valid doctrine after the Supreme Court's 2014 decisions in *Lexmark International, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 125-26 (2014) and *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 167 (2014). *See Revitalizing Auto Communities Env't Response Tr. v. Nat'l Grid USA*, 10 F.4th 87, 102 (2d Cir. 2021) ("Since *Lexmark* and *Susan B. Anthony*, we have not directly addressed whether the prudential ripeness doctrine remains good law.")

---

[2]    Defendants' counsel admitted at the November 9, 2022 hearing on the Motion for Preliminary Injunction that Defendants will begin selecting applicants for licensure on November 21, 2022.

4

If the prudential ripeness doctrine remains valid, it "constitutes a narrow exception to the strong principle of mandatory exercise of jurisdiction." *Revitalizing Auto Communities*, 10 F.4th at 102. A case is prudentially ripe if there is "no future contingent event that is strictly necessary" for resolving the claim. *Revitalizing Auto Communities*, 10 F.4th at 100. Here, no future event is strictly necessary to resolve the issue of whether Defendants' CAURD program violates the dormant Commerce Clause.

Moreover, Defendants admit in the Motion to Dismiss that an additional consideration for prudential ripeness is the hardship the parties will suffer if resolution is delayed. (Mot. at 13 (citing *Connecticut v. Duncan*, 612 F.3d 107, 113 (2d Cir. 2010). If the Court dismisses the case for prudential ripeness, Defendants will issue the available CAURD licenses and then later, when Plaintiff refiles the suit, Defendants will argue it is too late as a matter of equity for the Court to claw back the licenses given to other applicants. Defendants will further argue Plaintiff cannot seek damages because of Eleventh Amendment immunity. Thus, Plaintiff will be left with no remedy for the constitutional violation against it.

### 3. *Plaintiff's Injury is Redressable*

To show causation and redressability, a plaintiff need only show that the injury is "fairly traceable" to the defendant's actions. *Bennett v. Spear*, 520 U.S. 154, 162 (1997). A plaintiff need not show a "guarantee" that a court order would redress its injury. *Allco Fin. Ltd. v. Klee*, 861 F.3d 82, 96 (2d Cir. 2017). Instead, a plaintiff need only show it is "likely," rather than "speculative," that a court order would redress the injury. *Id*.

The First Amended Complaint alleges that Plaintiff satisfies every requirement for a CAURD license except the unconstitutional New York preferences. (Compl. ¶¶ 31-32.) An order enjoining Defendants from enforcing the unconstitutional provisions will allow Plaintiff to compete fairly in the CAURD Application Program, thereby redressing Plaintiff's injury.

### B. The Eleventh Amendment Does Not Permit Defendants to Violate the Constitution

Christopher Alexander is not immune from Plaintiff's claims. An individual state agent acting in his official capacity and attempting to enforce an unconstitutional statute is not entitled

5

to Eleventh Amendment immunity from claims seeking prospective relief. *See Ex Parte Young*, 209 U.S. 123, 28 (1908); *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 645 (2002) ("In determining whether the doctrine of *Ex Parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.") (internal quotation marks and citation omitted); *In re Deposit Ins. Agency*, 482 F.3d 612, 618 (2d Cir. 2007) ("[The] application of the *Young* doctrine is straightforward: A plaintiff may avoid the Eleventh Amendment bar to suit and proceed against individual state officers, as opposed to the state, in their official capacities, provided that his complaint (a) alleges an ongoing violation of federal law and (b) seeks relief properly characterized as prospective.) (internal quotation marks and citation omitted); *Schoenefeld v. New York*, No. 1:09-CV-0504 LEK RFT, 2010 WL 502758, at *3 (N.D.N.Y. Feb. 8, 2010) ("Individual state agents acting in their official capacity and attempting to enforce an unconstitutional statute are not entitled to Eleventh Amendment immunity.")

When a state official is sued in his official capacity, "[t]he real party in interest in an official-capacity suit is the government entity," and the state is bound by the injunction. *See Henrietta D. v. Bloomberg*, 331 F.3d 261, 288 (2d Cir. 2003). Thus, Plaintiff seeks to vindicate its constitutional rights by having Mr. Alexander enjoined from enforcing the challenged provisions of the Cannabis Law and Cannabis Regulations, which will prevent the State from proceeding with the unconstitutional program.

As to the OCM, Defendants have not stated a basis for Eleventh Amendment immunity. A state agency is entitled to Eleventh Amendment immunity only if the agency is an "arm of the state." *Gorton v. Gettel*, 554 F.3d 60, 62 (2d Cir. 2009). "[Eleventh Amendment immunity] does not, however, extend to 'suits prosecuted against a municipal corporation or other governmental entity which is not an arm of the State.'" *Woods v. Rondout Valley Cent. Sch. Dist. Bd of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006) (quoting *Alden v. Maine*, 527 U.S. at 756, 119 S.Ct. 2240).

To determine whether an agency is an arm of the state, courts look to the relationship between the state and the entity in question. *Woods*, 466 F.3d at 236. Courts considers six factors

6

in determining whether an entity is an arm of the state: (1) how the entity is referred to in its documents of origin; (2) how the governing members of the entity are appointed; (3) how the entity is funded; (4) whether the entity's function is traditionally one of local or state government; (5) whether the state has a veto power over the entity's actions; and (6) whether the entity's financial obligations are binding upon the state. *Id*. (internal quotation marks and citation omitted). *Gorton*, 554 F.3d at 62.

The burden is on the agency seeking immunity to demonstrate that it is an arm of the state and therefore entitled to Eleventh Amendment immunity. *Gorton*, 554 F.3d at 62; *Woods*, 466 F.3d at 237. Here, Defendants made no attempt to demonstrate the OCM is an arm of the state, either in the Motion to Dismiss or in the Opposition to the Motion for Preliminary Injunction. (Mot. at 16.) Thus, Defendants have not met their burden of showing the OCM is entitled to Eleventh Amendment immunity, and the Court should refuse to dismiss the OCM.

Plaintiff concedes the Court may dismiss the State of New York.

## IV.   LEAVE TO AMEND

If the Court dismisses any claim, Plaintiff respectfully asks the Court to grant leave to amend. *See Branum v. Clark*, 927 F.2d 698, 704 (2d Cir. 1991).

## V.   CONCLUSION

For the reasons set forth above, Plaintiff asks the Court to deny the Motion to Dismiss, except as to dismissing the State of New York.

Dated: November 23, 2022

Respectfully submitted,

**KERNKAMP LAW, APC**

By:   */s/ Christian E. Kernkamp*
Christian E. Kernkamp, Esq.
*Pro Hac Vice*
New York Reg. No.: 5721923
*Attorney for Plaintiff – Lead Counsel*
1801 Century Park E. 24 Fl.
Los Angeles, CA 90067
(213) 214-3030
Email: ck@kernkamplaw.com

                                      **E. STEWART JONES HACKER MURPHY, LLP**

By:   */s/ Thomas J. Higgs*
       Thomas J. Higgs, Esq.
       Bar Roll No.: 106047
       *Attorneys for Plaintiff – Local Counsel*
       28 Second Street
       Troy, NY 12180
       (518) 274-5820
       Email: thiggs@joneshacker.com