UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

VARISCITE NY ONE, INC.,

                        *Plaintiff*,

-against-

STATE OF NEW YORK; NEW YORK STATE OFFICE
OF CANNABIS MANAGEMENT; AND CHRISTOPHER
ALEXANDER,

                        *Defendants*.

**ANSWER**

22-CV-1013

GLS/DJS

---

       Defendants New York State Office of Cannabis Management and Christopher Alexander, in their official capacity, by their attorney, Letitia James, Attorney General of the State of New York, Amanda Kuryluk, Assistant Attorney General, of counsel, answer the complaint as follows:

       1.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint

       2.     Admit the allegations contained in paragraph 2 of the Complaint.

       3.     Admit the allegations contained in paragraph 3 of the Complaint, and respectfully refer the Court to paragraph 51 below.

       4.     Admit the allegations contained in paragraph 4 of the Complaint.

       5.     Deny the allegations contained in paragraph 5 of the Complaint, except admit that Plaintiffs rely upon the cited statutes for subject matter jurisdiction.

       6.     Admit the allegations contained in paragraph 6 of the Complaint.

       7.     Deny the allegations contained in paragraph 7 of the Complaint.

       8.     Admit the allegations contained in paragraph 8 of the Complaint

9. Admit the allegations contained in paragraph 9 of the Complaint in so far as the State enacted the Marihuana Regulation & Taxation Act on March 31, 2021, which, among other things, enacted Chapter 7-A of the consolidated laws which is known as the Cannabis Law, admit the portion of footnote 1 to the extent that the Cannabis Laws and Regulations are different for non-profit and tax-paying entities, admit that the Complaint does not challenge the laws and regulations for non-profit entities, and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remainder of footnote 1.

10. Deny the allegations contained in paragraph 10 of the Complaint, as an incomplete and inaccurate recitation of the Cannabis Law and respectfully refer the Court to the Cannabis Law for its content.

11. Deny the allegations contained in paragraph 11 of the Complaint, as an incomplete and inaccurate recitation of the Cannabis Law and respectfully refer the Court to the Cannabis Law for its content.

12. Admit the allegations contained in paragraph 12 of the Complaint and refer all questions of law to the Court.

13. Deny the allegations contained in paragraph 13 of the Complaint, as an incomplete and inaccurate recitation of 9 N.Y.C.R.R. § 116.4(a), respectfully refer the Court to the regulation for its contents, and refer all questions of law to the Court.

14. Deny the allegations contained in paragraph 14 of the Complaint, as an incomplete and inaccurate recitation of 9 N.Y.C.R.R. § 116.4(a), respectfully refer the Court to the regulation for its contents, and refer all questions of law to the Court.

15. Deny the allegations contained in paragraph 15 of the Complaint, as an incomplete

and inaccurate recitation of 9 N.Y.C.R.R. § 116.4(a), respectfully refer the Court to the regulation for its contents, and refer all questions of law to the Court.

16. Deny the allegations contained in the first sentence of paragraph 16 of the Complaint as an incomplete and inaccurate recitation of 9 N.Y.C.R.R. § 116.4(a) and respectfully refer the Court to the regulation for its contents, deny the remainder of the paragraph, and refer all questions of law to the Court.

17. Deny the allegations contained in paragraph 17 of the Complaint as an incomplete and inaccurate recitation of 9 N.Y.C.R.R. § 116.4(c), respectfully refer the Court to the regulation for its contents, and refer all questions of law to the Court.

18. Deny the allegations contained in paragraph 18 of the Complaint, as an incomplete and inaccurate recitation of 9 N.Y.C.R.R. § 116.4(c), respectfully refer the Court to the regulation for its content, and refer all questions of law to the Court.

19. Deny the allegations contained in the first sentence of paragraph 19 of the Complaint as an incomplete and inaccurate recitation of 9 N.Y.C.R.R. § 116.4(c) and respectfully refer the Court to the regulation for its contents, deny the second sentence of paragraph, and refer all questions of law to the Court.

20. Deny the allegations contained in paragraph 20 of the Complaint as an incomplete and inaccurate recitation of 9 N.Y.C.R.R. § 116.4(c), respectfully refer the Court to the regulation for its contents, and refer all questions of law to the Court.

21. Deny the allegations contained in paragraph 21 of the Complaint, as an incomplete and inaccurate recitation of Conditional Adult-Use Retail Dispensary Frequently Asked Questions and refer the court to the cited document for its contents, and refer all questions of law to the Court.

22. Admit the allegations contained in paragraph 22 of the Complaint, and refer all

questions of law to the Court.

23. Deny the allegations contained in paragraph 23 of the Complain as an incomplete and inaccurate recitation of the New York Business Express application website and respectfully refer the Court to the New York Business Express application website for its contents, and refer all questions of law to the Court.

24. Deny the allegations contained in paragraph 24 of the Complaint, as an incomplete and inaccurate recitation of the New York Business Express application website and respectfully refer the Court to the New York Business Express application website for its contents, and refer all questions of law to the Court.

25. Deny the allegations contained in paragraph 25 of the Complaint, as an incomplete and inaccurate recitation of the New York Business Express application website and respectfully refer the Court to the New York Business Express application website for its contents, and refer all questions of law to the Court.

26. Deny the allegations contained in paragraph 26 of the Complaint, as an incomplete and inaccurate recitation of the New York Business Express application website and respectfully refer the Court to the New York Business Express application website for its contents, and refer all questions of law to the Court.

27. Deny the allegations contained in paragraph 27 of the Complaint, as an incomplete and inaccurate recitation of the New York Business Express application website and respectfully refer the Court to the New York Business Express application website for its contents, and refer all questions of law to the Court.

28. Deny the allegations contained in paragraph 28 of the Complaint, as an incomplete and inaccurate recitation of the New York Business Express application website and respectfully

refer the Court to the New York Business Express application website for its contents, and refer all questions of law to the Court.

29. Deny the allegations contained in paragraph 29 of the Complaint, as an incomplete and inaccurate recitation of the New York Business Express application website and respectfully refer the Court to the New York Business Express application website for its contents, and refer all questions of law to the Court.

30. Deny the allegations contained in paragraph 30 of the Complaint, and refer all questions of law to the Court.

31. Deny the allegations contained in paragraph 31 of the Complaint except that admit that Plaintiff Variscite NY One, Inc., established significant presence in the State of New York, and refer all questions of law to the Court.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint, and refer all questions of law to the Court.

33. Admit the allegations contained in paragraph 33 of the Complaint, and refer all questions of law to the Court.

34. In response to paragraph 34, Defendants repeat and re-allege their responses to paragraphs 1-33 above.

35. Deny the allegations contained in paragraph 35 of the Complaint as an incomplete and/or inaccurate recitation of the cited cases and respectfully refer the Court to the cited cases for their content, deny that the answering defendants violated any Constitutional provisions or plaintiffs' civil rights, and refer all questions of law to the Court.

36. Deny the allegations contained in paragraph 36 of the Complaint, and refer all questions of law to the Court.

37. Deny the allegations contained in paragraph 37 of the Complaint, and refer all questions of law to the Court.

38. Deny the allegations contained in paragraph 38 of the Complaint, and refer all questions of law to the Court.

39. Deny the allegations contained in paragraph 39 of the Complaint, and refer all questions of law to the Court.

40. In response to paragraph 40, defendants repeat and re-allege their responses to paragraphs 1-33 above.

41. Deny the allegations contained in paragraph 41 of the Complaint, and refer all questions of law to the Court.

42. Deny the allegations contained in paragraph 42 of the Complaint, and refer all questions of law to the Court.

43. Deny that Plaintiff is entitled to the relief sought in the portion of the Complaint titled "PRAYER FOR RELIEF", and refer all questions of law to the Court.

## Affirmative Defenses

44. The Complaint fails to state a claim upon which relief can be granted.

45. Plaintiff lacks standing to sue.

46. Some or all allegations in the Complaint are precluded by the doctrine of mootness.

47. No personal jurisdiction has been acquired over the defendants.

48. The doctrine of unclean hands bars certain claims.

49. At all times relevant to the Complaint, defendants' actions were based upon legitimate, non-discriminatory grounds.

50. The Complaint is barred, in whole or in part, under the Eleventh Amendment.

51. The New York State Office of Cannabis Management is an arm of the State and is immune from lawsuit under the Eleventh Amendment.

WHEREFORE, Defendants respectfully ask that this Court deny the relief requested, dismiss the Complaint, and grant such other relief as to the Court shall deem is just and equitable.

Dated: Albany, New York
February 13, 2023

        LETITIA JAMES
        Attorney General of the State of New York
        Attorney for Defendants State of New York,
        New York State Office of Cannabis
        Management, and Christopher Alexander
        The Capitol
        Albany, New York 12224

By: *s/ Amanda Kuryluk*
Amanda Kuryluk
Assistant Attorney General, of Counsel
Bar Roll No. 516864
Telephone: (518) 776-2621
Fax: (518) 915-7740 (not for service of papers)
Email: amanda.kuryluk@ag.ny.gov

TO: All parties of record (*via ECF*)