Christian E. Kernkamp, Esq.<br>
KERNKAMP LAW, APC<br>
1801 Century Park E. 24 Fl.<br>
Los Angeles, CA 90067<br>
(213) 214-3030<br>
ck@kernkamplaw.com

April 11, 2023

**VIA ECF**

Hon. Daniel J. Stewart
James T. Foley United States Courthouse
445 Broadway, Albany, NY 12207

      **RE: *Variscite NY One, Inc. v. State of New York, et al.* – Discovery Conference**

Dear Judge Stewart:

      Plaintiff writes to the Court under Local Rule 37.1 to request a discovery conference.

      Plaintiff served on Defendants early requests for production under Federal Rules of Civil Procedure 26(d)(2) and 34(b)(2). Plaintiff served the Requests for Production, Set One on December 6, 2022 by mail and email. Under Rules 26(d)(2) and 34(b)(2), Defendants' responses were due 30 days after the parties' Rule 26(f) conference. The parties held the Rule 26(f) conference on February 21, 2023. Thus, Defendants' responses were due by March 23, 2022.

      Defendants refuse to respond to the Requests for Production. Plaintiff and Defendants discussed the Requests for Production in multiple emails, including at a minimum on December 8 and 9. In that email exchange, Defendants unilaterally decided that discovery was "premature," notwithstanding the Rules of Civil Procedure cited above, and they "rejected" service of the Requests for Production, notwithstanding that no provision of the Rules of Civil Procedure or Local Rules allows a party to unilaterally reject service of discovery and thereby avoid their discovery obligations. As support for their position, Defendants cited irrelevant Local Rules.

      Plaintiff reminded Defendants of the Requests for Production multiple times. On December 16, Plaintiff filed an Opposition to Defendants' Letter Request for Adjournment of the Rule 16 Conference. In that Opposition, Plaintiff reminded Defendants that Plaintiff served Requests for Production on December 6, and Defendants' responses were due within 30 days of the conference of counsel under Rule 34(b).

      On February 6, Plaintiff filed a Letter Request for the Court to set a Rule 16 conference. In the Letter Request, Plaintiff again reminded Defendants that Plaintiff sought the Rule 16 conference to begin discovery.

      On February 22, the parties filed a Joint Case Management Plan. In it, Plaintiff reminded Defendants that they had served early Requests for Production under Rule 26(d)(2).

      On March 8, Defendants served their Initial Disclosures, which referenced Defendants' Bates stamped documents. In light of Defendants' reference to Bates numbers, Plaintiff believed Defendants

were in the process of gathering documents and would provide timely responses. Thus, Plaintiff did not further remind Defendants of the upcoming deadline.

On approximately April 4, Plaintiff wrote to Defendants and stated that Defendants' responses to the Requests for Production were nearly two weeks late and Defendants had waived all objections. Plaintiff informed Defendants that if Defendants did not commit to providing a full production, Plaintiff would begin the motion to compel process. Defendants responded that they "previously rejected in writing plaintiff's Request for production of documents on grounds that they were pre-mature and [Plaintiff] never re-served them following our Rule 16 conference. Thus, it is Defendants' position that we have not been served with the Demand and as such we are not late in our responses nor have we waived any objections."

The conversations recounted above make clear that Defendants' failure to timely respond to the Requests for Production was not due to error or inadvertence. Rather, Defendants deliberately chose to ignore their discovery obligations. Therefore, Defendants have waived any objections to the Requests for Production. Plaintiff asks the Court to order Defendants to make a complete production within ten days of the conference. To the extent any information contained in the production may be sensitive, Plaintiff is willing to enter into a protective order.

    Sincerely,

    *Christian Kernkamp*
    Christian E. Kernkamp, Esq.
    Admitted Pro Hac Vice New
    York Reg. No.: 5721923
    *Attorneys for Plaintiff*

cc: all counsel of record (via ECF)

Page | 2

**KERNKAMP LAW, A PROFESSIONAL CORPORATION**
**1801 Century Park East, 24th Floor | Los Angeles, CA 90069 | Phone (213) 214-3030**