Christian E. Kernkamp, Esq.
KERNKAMP LAW, APC
1801 Century Park E. 24 Fl.
Los Angeles, CA 90067
(213) 214-3030
ck@kernkamplaw.com

May 7, 2023

**VIA ECF**

Hon. Daniel J. Stewart
James T. Foley United States Courthouse
445 Broadway, Albany, NY 12207

        **RE: *Variscite NY One, Inc. v. State of New York, et al.* – Discovery Responses**

Dear Judge Stewart:

      Plaintiff hereby opposes Defendants' transparent attempt to flout their discovery obligations under the Federal Rules of Civil Procedure. Defendants have had ***five months*** to respond to the total of 47 document requests Plaintiff served on December 6, 2022. Considering the resources available to Defendants and the misleading statements they made to obtain extensions to date, as discussed below, the Court should deny both their request for an extension and their request for a discovery conference, both of which are mere delay tactics raised at the eleventh hour.

      Defendants inform this Court that it should extend the production deadline based on an existing draft settlement agreement. But Defendants have used their empty promise of settlement to obtain concessions from Plaintiff for weeks. The parties held their initial settlement discussions in November 2022. Settlement discussions accelerated on February 21, and on approximately March 27, Defendants proposed the terms that became the basis of the draft settlement agreement. Although Plaintiff prepared the draft settlement agreement the same day Defendants requested it, Defendants have sat on the draft for weeks. Despite these facts, Defendants now try to rely on the draft settlement agreement in seeking an extension. Plaintiff no longer believes the settlement discussions are anything more than delay tactics.

      1. ***Defendants promised settlement to receive an extension on their already-late discovery production***

      Plaintiff served on Defendants early Requests for Production under Federal Rules of Civil Procedure 26(d)(2) and 34(b)(2) on December 6, 2022. Under Rules 26(d)(2) and 34(b)(2), Defendants' responses were due 30 days after the parties' Rule 26(f) conference. The parties held the Rule 26(f) conference on February 21, 2023. Thus, Defendants' responses were due by March 23, 2022.

      Plaintiff reminded Defendants of the response deadline several times (see Docket 56), but Defendants never responded to the Requests for Production. Two weeks after the deadline, on April 5, Plaintiff sent a meet and confer letter to Defendants. Defendants' response made it clear that they deliberately and knowingly missed their deadline: "with respect to your letter- we previously rejected in writing plaintiff's Request for production of documents on grounds that they were pre-mature and you never re-served them following our Rule 16 conference. Thus, it is Defendants position that we have

not been served with the Demand and as such we are not late on our responses nor have we waived any objections."

No provision of the Rules of Civil Procedure allow a party to unilaterally reject properly served discovery. Thus, Plaintiff requested a discovery conference with this Court on April 11.

***Defendants convinced Plaintiff to withdraw that request for a discovery conference on the basis that Defendants' time would be better spent on settlement rather than on marshaling responsive documents. Thus, Plaintiff granted Defendants a thirty-day extension to produce documents***.[1]

### 2. Defendants promised settlement induced Plaintiff to delay briefing its opposition to Defendants' appeal of the Preliminary Injunction

Defendants representations that settlement was forthcoming induced Plaintiff to delay briefing its opposition to Defendants' appeal of the Preliminary Injunction in the Second Circuit.

Plaintiff's deadline to file its responding brief with the Second Circuit was May 3. On Tuesday, April 18, Plaintiff wrote to Defendants, "I will have to start briefing our response to the appeal this week if we do not settle. That will cause the plaintiff to incur additional attorneys' fees, potentially for no reason. I believe my client will want a final decision from the government this week on whether the case will settle."

On April 20, Defendants responded, "My client is asking for a proposed draft of a settlement agreement. Can you please provide." Plaintiff provided a draft settlement agreement the same day. After some additional discussions between the parties regarding the timing of settlement, Plaintiff wrote to Defendants on April 21 that "I understand you won't be able return comments on the draft today, but can you confirm we have a settlement in principle? I'd like to avoid having to start work on the appeal this weekend and avoid potentially unnecessary costs to my client."

After additional emails from Plaintiff, Defendants finally responded on April 26 that "OCM is reviewing/finalizing the language of the settlement agreement internally. The lawyers required to review and sign off on it are currently pulled right now on negotiating the State's budget. That being said, I have been advised by OCM that they will agree to [the settlement proposal to end the current litigation]."

On Thursday, April 27, Plaintiff again wrote to Defendants and requested a status on settlement in light of Plaintiff's May 3 deadline with the Second Circuit. Plaintiff wrote, "I'd appreciate it if we could wrap this up this week to avoid additional and unnecessary work on our brief which is due next week." The same day, Defendants responded, "We are still reviewing/editing internally, and we will update you as soon as possible as the client is trying to wrap this up as well. That being said- our position remains that OCM will agree to [the settlement proposal to end the current litigation]."

---

[1] To be clear, Plaintiff granted Defendants until May 9 to produce documents, but Plaintiff never agreed that Defendants' waived objections would be revived. In response to Defendants' request that Plaintiff withdraw its request for a discovery conference, Plaintiff wrote, "Per your request, I am okay with Defendants taking 30 days to produce the documents."

Page | 2

On April 28, Defendants responded to Plaintiff by leaving a voicemail that stated the key attorney who needed to give "final authority" and possibly insert standard language into the draft settlement agreement was out but he would be back on Monday, May 1. Defendants further confirmed in the voicemail that Defendants had decided to settle the current litigation on the terms previously discussed.

On Monday, May 1, Plaintiff did not receive a final settlement document, despite Defendants' representations that they were just waiting for a lawyer to return from vacation that day. In light of Plaintiff's May 3 deadline to file its responding brief with the Second Circuit, Plaintiff wrote Defendants in the afternoon and requested a status update. Defendants responded that same day that "The stipulation is still being reviewed/finalized internally, but we are hoping to get it wrapped up."

Plaintiff, realizing it had been duped into delaying briefing based on Defendants' empty promises of settlement, had only three days to prepare its responsive brief. That caused counsel to work late nights and created inefficiencies in the briefing.

### 3. *Defendants seek an extension in the Second Circuit*

While the parties were negotiating a settlement, the Second Circuit set an expedited briefing schedule for Defendants' appeal of the Preliminary Injunction. Thus, as noted above, the Second Circuit set Plaintiff's deadline to file its responsive brief as May 3.

Although Plaintiff prepared the bulk of its Second Circuit brief in just three days due to Defendants' representations of settlement, as discussed above, Defendants moved the Second Circuit on Friday May 5 for a two-week extension to file their reply brief because of their representation that the parties circulated a draft settlement agreement. That motion is pending.

### 4. *Defendants seek a further extension from this Court to produce documents*

Defendants wrote to Plaintiff's counsel on May 3, ***the very day Plaintiff was scrambling to finalize its brief for the Second Circuit***, and requested an additional two-week extension to produce documents in response to Plaintiff's Requests for Production. Defendants again reiterated their promise of settlement: "The settlement requires internal review up the chain. We are in the process of finalizing and hope to have a revised settlement draft to you soon. In the interim, Defendants are respectfully requesting an additional 2 weeks from May 9th to provide responses to Plaintiff's Demand for Production."

Plaintiff refused the request because it had already granted Defendants a thirty-day extension for the five-month old discovery and at this point in time the request for an extension appeared to be an obvious ploy by Defendants to further delay their production. Defendants, not Plaintiff, proposed the settlement terms the parties agreed upon, and that was more than a month ago. When Defendants asked Plaintiff to prepare a draft settlement agreement, Plaintiff sent it within hours. Yet Defendants have sat on the draft agreement since April 20 without even returning comments. If Defendants wanted to resolve this case, they would have done so by now.

***Moreover, Defendants caused Plaintiff's need for discovery. Plaintiff brought a facial challenge to the law, and Plaintiff believed little evidence was needed for the legal challenge.***

**KERNKAMP LAW, A PROFESSIONAL CORPORATION**
**1801 Century Park East, 24th Floor | Los Angeles, CA 90069 | Phone (213) 214-3030**
**www.kernkamplaw.com**

*Defendants put the facts into issue by claiming Plaintiff's application score is too low for Plaintiff to have standing to maintain the lawsuit. In fact, at the Second Circuit, Defendants argue that they have "uncontroverted evidence" that Plaintiff's score is too low. But Defendants' evidence is "uncontroverted" precisely because Defendants refuse to respond to Plaintiff's five-month-old document requests.*

\* \* \*

It is clear to Plaintiff that Defendants never intended to provide a finalized settlement agreement. Defendants are now caught unprepared for the Tuesday production deadline because they assumed Plaintiff would continue to provide extensions in response to Defendants' empty promises. Plaintiff asks this Court to deny Defendants' request for an extension or a discovery conference.

Respectfully,

*s/ Christian Kernkamp*
Christian E. Kernkamp, Esq.
Admitted Pro Hac Vice
New York Reg. No.: 5721923
*Attorneys for Plaintiff*

cc: all counsel of record (via ECF)

Page | 4

**KERNKAMP LAW, A PROFESSIONAL CORPORATION**
**1801 Century Park East, 24th Floor | Los Angeles, CA 90069 | Phone (213) 214-3030**
**www.kernkamplaw.com**