UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

VARISCITE NY ONE, INC.,

                        *Plaintiff,*

       -against-

STATE OF NEW YORK; NEW YORK STATE OFFICE
OF CANNABIS MANAGEMENT ("OCM"); AND
CHRISTOPHER ALEXANDER,

                        *Defendants.*
_____

**SETTLEMENT AGREEMENT AND STIPULATION OF DISMISSAL**

22-CV-1013

GLS/DJS

      This SETTLEMENT AGREEMENT ("Settlement Agreement") is made by and between Variscite NY One, Inc. ("Plaintiff"), on the one hand; and New York State Office of Cannabis Management (the "OCM") and Christopher Alexander[1] (hereinafter "Chris Alexander"), in his official capacity as Executive Director of OCM, (together, "Defendants"), collectively, "the Parties," as follows:

      **WHEREAS,** on or about September 26, 2022, Plaintiff filed suit in the United States District Court for the Northern District of New York entitled *Variscite NY One, Inc. v. State of New York, et al.*, Case No. 22-CV-1013 (GLS/DJS) ("Action"). Plaintiff brought claims for violation of the U.S. Constitution's dormant Commerce Clause under 42 U.S.C. § 1983 and declaratory relief under 28 U.S.C. § 2201 (the "Complaint"); and

      **WHEREAS,** on or about November 10, 2022, the Court issued a preliminary injunction prohibiting Defendants from issuing Conditional Adult Use Retail Dispensary ("CAURD") licenses to for-profit entities in the five geographic areas Finger Lakes, Central New York, Western New York, Mid-Hudson, and Brooklyn (the "Preliminary Injunction"); and

---

[1] Christopher Alexander's real name is Chris Alexander. Chris Alexander was incorrectly sued as "Christopher Alexander" in this Action.

**WHEREAS**, on or about December 8, 2022, Defendants appealed the Preliminary Injunction in the Second Circuit Court of Appeals under Case No. 22-3128. On or about March 28, 2023, the Second Circuit issued an order narrowing the Preliminary Injunction to prohibit Defendants from issuing CAURD Licenses only to for-profit applicants in the Finger Lakes geographic area; and

**WHEREAS**, Defendants deny each of the allegations stated in the Complaint, and nothing stated within this Settlement Agreement shall be construed as an admission of such allegations. Defendants do not admit any liability or responsibility, and the Parties hereby enter into this Settlement Agreement for the purpose of settling all the known and unknown existing claims and disputes between them without the need for protracted litigation; and

**WHEREAS**, the Parties acknowledge and agree that the terms of this Settlement Agreement are fair, reasonable, adequate, in their mutual best interest, and the product of joint negotiation through counsel; and

**WHEREAS**, the Parties acknowledge that they are waiving legal rights and/or claims by entering into this Settlement Agreement. Each party has consulted with legal counsel, has a full and complete understanding of the terms and legal effect of the Agreement, and intends to be bound thereby; and

**WHEREAS**, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is agreed by and between the Parties as set forth below; and

**WHEREAS**, the Parties wish to resolve this Action without further litigation.

**IT IS NOW STIPULATED, AGREED, AND ORDERED AS FOLLOWS:**

1. The Action, and all claims asserted in it, are hereby dismissed with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). The Parties waive any entitlement to costs pursuant to any court order, statute or rule, including but not limited to, Fed. R. Civ. P. 54.

2. Upon the Court "so ordering" this Settlement Agreement, this Settlement Agreement settles any and all of the Parties' existing claims between them, including this Action and any claims for monetary relief, damages, attorneys' fees, expert witness fees and expenses, and all other expenses and costs that have been or will be incurred in connection with the allegations raised in the Action at any time against any Defendant, including Defendant State of New York, which was dismissed from the Action by consent.

3. Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, Plaintiff dismisses this Action with prejudice and without damages, costs, interest, or attorneys' fees, except as otherwise provided in this Settlement Agreement.

4. As part of the consideration for the Parties entering into this Settlement Agreement, within 5 days of the execution of this Settlement Agreement, Plaintiff shall present the Settlement Agreement to be so-ordered by the District Court for the Northern District of New York. Within 5 days of the court so-ordering this Agreement, each Party shall pay any court fees owed by that Party to the Second Circuit and Defendants shall file in the Second Circuit a stipulated dismissal with prejudice of the appeal of the Preliminary Injunction specifying that the Parties will pay their respective costs in the Action. The Parties acknowledge that the filing of this Settlement Agreement in the Northern District of New York will dissolve the Preliminary Injunction.

5. The Parties agree that Plaintiff shall be awarded a general (not social equity/CAURD) adult use retail dispensary license in the first group of such licenses to be awarded (see Cannabis Law § 72). If such licenses are narrowed to geographic areas, Plaintiff shall select

3

the geographic area for its license that shall be in the Finger Lakes, Central New York, Western New York, Mid-Hudson, or Brooklyn region. Plaintiff acknowledges that it must satisfy the cannabis law, regulations, and guidelines applicable to receiving and maintaining a general (not social equity/CAURD) adult use retail dispensary license, such as, but not limited to, requirements for true parties of interest of Plaintiff and submitting to Defendants all required application information and payments/fees necessary to receive a general (not social equity/CAURD) adult use retail dispensary license. Plaintiff acknowledges and agrees that OCM is vested with the sole authority and discretion to determine whether Plaintiff has satisfied the cannabis law, regulations, and guidelines applicable to receiving and maintaining a general (not social equity/CAURD) adult use retail dispensary license, but Plaintiff shall not be denied a license and instead shall be permitted to update its application, in accordance with applicable regulations, to satisfy any law, regulation, or guidance that OCM determines is not satisfied. If Plaintiff is unable to qualify for a license because of its true parties of interest, Plaintiff shall be permitted to change its true parties of interest.

6.	Plaintiff and Plaintiff's attorneys agree that neither OCM, Chris Alexander, in his official capacity, nor the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof and any of its officials, employees, or agents, whether in their individual or official capacities), shall be responsible for any liens of any kind (including, but not limited to, any and all liens for attorneys' fees, costs and expenses, or any other lien). Plaintiff and Plaintiff's attorneys agree and acknowledge that they shall have no claim, right, or cause of action against OCM, Chris Alexander, in his official capacity, and/or the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof

and any of its officials, employees, or agents, whether in their individual or official capacities) for the satisfaction of any such liens.

7. For and in consideration of the agreements set forth in this Settlement Agreement and other good and valuable consideration, the sufficiency and receipt of which are hereby acknowledged, and except for the rights and obligations set forth in this Settlement Agreement, Plaintiff, on behalf of itself, and any and all of its other corporate entities, subsidiaries, affiliates, agents, representatives, directors, officers, employees, members, successors, personal representatives, agents, directors, shareholders, attorneys, administrators, fiduciaries, and assigns (collectively, "Releasing Parties"), hereby releases and forever discharges OCM, Chris Alexander in his individual and official capacity, and the State of New York, together with their present and former agencies, authorities, commissions, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity, or any of them, or all of them (collectively, "Released Parties") from all manner of actions, proceedings, suits, grievances, injuries, debts, obligations, dues, sums of money, accounts, contracts, controversies, agreements, promises, damages, judgments, claims, and demands whatsoever, direct or indirect, known or unknown, discovered or undiscovered, that the Releasing Parties ever had, now has, or shall or may have in the future against some, any, or all of the Released Parties, related to or incurred in connection with the Action up to and including the date of this Settlement Agreement. Plaintiff is not waiving or releasing any nonwaivable statutory protections or any constitutional rights.

8. Other than the Action, Plaintiff represents that it has not commenced, maintained, or prosecuted any action, charge, complaint, grievance, or proceeding of any kind that is still pending against the Released Parties that would be subject to the release contained in paragraph 7,

on its own behalf or on behalf of any other person and/or on behalf of or as a member of any alleged class of persons, that none of the foregoing is currently pending in any court or before any administrative or investigative body or agency, and acknowledges that this representation constitutes a material inducement for Defendants to enter into this Settlement Agreement.

9. Each signatory to this Settlement Agreement hereby represents and warrants that they have the requisite authority to enter into this Settlement Agreement and has not previously assigned or transferred any rights or interests with respect to the matters covered by this Settlement Agreement.

10. Plaintiff represents that it has thoroughly discussed with counsel all aspects of this Settlement Agreement, and Plaintiff represents that it has carefully read and fully understands all of the provisions of this Settlement Agreement. Plaintiff represents that it executes and delivers this Settlement Agreement voluntarily after being fully informed of its terms, contents, and effect, and acknowledges that it understands its terms, contents, and effect. Plaintiff acknowledges that no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party or anyone acting on behalf of any party.

11. The Parties acknowledge that each party has cooperated in the drafting and preparation of this Settlement Agreement. The language in all parts of this Settlement Agreement shall be construed according to its fair meaning and not strictly for or against any party.

12. The undersigned attorneys for Plaintiff do hereby release and waive any attorneys' lien they may have on the claims asserted in the Action pursuant to N.Y. Judiciary Law §§ 475 and 475-a or any other state or federal law, statute, contract, or otherwise.

13. Plaintiff represents and warrants that besides the undersigned attorneys for Plaintiff, there are no other attorneys that have a lien on the claims asserted in the Action pursuant

to the provisions of N.Y. Judiciary Law §§ 475 and 475-a or any other state or federal law, statute, contract, or otherwise.

14. It is understood and agreed that any actions taken pursuant to this Settlement Agreement are made solely to avoid the burdens and expense of protracted litigation; that this Settlement Agreement and the actions taken pursuant hereto are not to be construed as constituting any determination on the merits of any claims in this dispute or as constituting any admission of wrongdoing or liability on the part of Defendants, the State of New York, or their present and former agencies, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, whether in an individual or official capacity, or any of them, or all of them, and that they expressly deny any wrongdoing or liability. Nothing contained in this Settlement Agreement shall be deemed to constitute a policy or practice of the OCM or the State of New York.

15. This Settlement Agreement shall not in any manner be construed as determinative of the issues raised in the Action or any other proceeding, and shall have no precedential value. In addition, notwithstanding the provisions of any paragraph herein, this Settlement Agreement shall not bind or collaterally estop Defendants, OCM, the State of New York, or their present and former agencies, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, whether in an individual or official capacity, or any of them, or all of them, in pending or future actions or proceedings in which the same or similar issues are raised, from defending any and all issues raised in said actions or proceedings, or from advancing any defenses.

16. This Settlement Agreement constitutes the entire agreement between the Parties hereto pertaining to the Action, and supersedes and embodies, merges and integrates all prior and

current agreements and understandings of the Parties, whether written or oral, with respect to the Action and this Settlement Agreement, and may not be clarified, modified, changed, or amended except in a writing duly executed by the Parties or an authorized representative of the Parties.

17. The terms of this Settlement Agreement shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York, except to the extent that federal law may apply to the releases and waiver of federal claims pursuant to this Settlement Agreement.

18. This Settlement Agreement shall be submitted, without further notice, to the Court to be "So Ordered."

19. This Settlement Agreement may be executed in several counterparts, each of which shall be deemed an original and which, taken together, shall constitute one and the same instrument. Signatures transmitted by facsimile, e-mail, or e-mailed in portable document form shall be deemed original signatures.

**IN WITNESS WHEREOF**, the Parties acknowledge that they have read this Settlement Agreement, and accept and agree to the provisions set forth herein, and that each has executed this Settlement Agreement to be effective on the day and date first above written.

Dated: May 25, 2023

*/s/ Jeff Jensen*
Jeffrey Jensen, Chief Executive Officer
VARISCITE NY ONE, INC.

Dated: May 25, 2023

*Thomas J. Higgs*

Thomas J. Higgs, Esq.
E. Stewart Jones Hacker Murphy, LLP
Bar Roll No. 106047
28 Second Street
Troy, New York 12180
(518) 274-5820
Email: thiggs@joneshacker.com

Dated: May 25, 2023

*Christian Kernkamp*

Christian E. Kernkamp, Esq.
Kernkamp Law, APC
Pro Hac Vice
New York Reg. No: 5721923
Attorney for Plaintiff – Lead Counsel
1901 Century Park E. 24 Fl.
Los Angeles, CA 90067
(213) 214-3030
Email: ck@kernkamplaw.com

Dated: May 25, 2023

CHRIS ALEXANDER, on behalf of himself in his official capacity, and on behalf of New York State Office of Cannabis Management

Dated: May 25, 2023

                                  LETITIA JAMES
                                  Attorney General
                                  State of New York
                                  Attorney for Defendants
                                  The Capitol
                                  Albany, New York 12224

                                  By: _____
                                  Amanda Kuryluk
                                  Assistant Attorney General, of Counsel
                                  Bar Roll No. 516864
                                  Telephone: (518) 776-2621
                                  Fax:  (518) 915-7740 (Not for service of papers.)
                                  Email: amanda.kuryluk@ag.ny.gov

Dated:    Albany, New York
             May 25, 2023

        SO ORDERED:

        _____
        HON. GARY L. SHARPE
        UNITED STATES DISTRICT COURT JUDGE

June 1, 2023
Albany, New York

10